**BEN RUEGSEGGER TRUCKING SERVICE, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

and

**McCurdy Trucking, Inc., Intervening Respondent.**

**No. 78–3030.**

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1979.

Decided June 29, 1979.

Wilhelmina Boersma, Richard C. Marsh, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for petitioner.

Robert D. Jones, Gen. Counsel, H. Glenn Scammel, Interstate Commerce Commission, Washington, D. C., Griffin B. Bell, Atty. Gen. of United States Dept. of Justice, Robert B. Nicholson, Catherine G. O'Sullivan, Robert L. Thompson, Washington, D. C., for respondents.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge and CECIL, Senior Circuit Judge.

PER CURIAM.

Petitioner in this case seeks a review of the Interstate Commerce Commission's order granting McCurdy Trucking Company, Inc., an extension of its common carrier authority, which extension has the effect of allowing McCurdy to transport malt beverages on routes which petitioner previously serviced exclusively.

This controversy arose when Carling Brewing Co. merged with National Brewing Co., which had its principal facilities in Baltimore, Maryland. Prior to that merger Ruegsegger had served Carling under an ICC Certificate for its shipments from its plant in Frankenmuth, Michigan, to points in Ohio and Indiana. During the same period National operated its brewery in Baltimore and McCurdy held a certificate to transport malt beverages from Baltimore to points in Ohio and Indiana. After Carling bought National, it decided to serve Ohio and Indiana distributors exclusively from Frankenmuth and projected an increase of that traffic by 30%. Thereupon McCurdy filed a petition with the ICC seeking a certificate to be allowed to follow the transferred traffic by acquiring a certificate to serve the Frankenmuth to Ohio and Indiana runs.

It is Ruegsegger's earnest contention that it had the equipment to serve the increased Carling traffic and that there was no need for McCurdy's services. McCurdy based its argument before the ICC and before us upon the "follow the traffic" doctrine described in *Smith and Solomon Trucking Co., Extension—Camden, N. J.*, 61 M.C.C. 748 (1953). Carling supported McCurdy's petition, asserting that while

Ruegsegger's prior services had been entirely satisfactory and it had no intention of diminishing shipments available to Ruegsegger, it did not believe Ruegsegger could handle the peak summer requirements based on the contemplated increase in shipments.

In granting the McCurdy certificate, the Commission balanced Carling's needs and the needs of the public, plus the fact that McCurdy would otherwise lose all of its previous traffic, against the fact that Ruegsegger would lose the potential expanded service.

Our review of the Interstate Commerce Commission's order is limited to determining whether or not the order is supported by substantial evidence, and whether or not it can be found on the total facts to be arbitrary and capricious. This record does contain substantial evidence to support the ICC's issuance of the McCurdy certificate. We cannot find from these facts that its order is arbitrary and capricious. 5 U.S.C. § 706(2)(A) and (B) (1976). We therefore order that the Interstate Commerce Commission's order in *McCurdy Trucking Co., Inc., Extension—Ohio and Indiana Beer*, No. MC–119118 (Nov. 29, 1976) is hereby affirmed.