**FILM TRANSIT, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**and**

**Mistletoe Express Service, Intervening Respondent.**

No. 81–3486.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1982.

Decided Jan. 31, 1983.

Mark R. Allen, Goff, Sims, Cloud, Stroud & Walker, P.C., Warren A. Goff, Memphis, Tenn., for petitioner.

Richard A. Allen, Linda J. Joachim, I.C.C., Robert B. Nicholson (argued), Marion Jetton, U.S. Dept. of Justice, Appellate Section, Washington, D.C., for respondents.

T.M. Brown, Morgan, Brown & Schneider, David A. Cherry, Edmond, Okl., for intervening respondent Mistletoe Exp. Service.

Before LIVELY, Circuit Judge, and PHILLIPS and BROWN, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

This case is before the court on the petition of Film Transit, Inc., (Film) seeking review of an order by the Interstate Commerce Commission granting permanent authority to Mistletoe Express Service (Mistletoe) to conduct certain interstate motor carrier operations.

On November 23, 1980, Mistletoe filed an application with the Commission requesting certification to conduct interstate motor express carrier operations over regular routes in southeast Arkansas, northern Mississippi, and the Memphis, Tennessee area. Opposition to the application was entered before the Commission by Film and three other carriers not parties to the present proceeding. The Commission issued its initial decision through Review Board No. 3, granting Mistletoe's application. *Mistletoe Express Service, Extension—Routes In Three States,* MC–42405 (Sub-No. 42) F (March 25, 1981). Film, and the three other protestants, filed administrative appeals with the Commission. On June 22, 1981, the Commission, through Division 2, acting as an appellate division, denied the appeals, holding that the findings of Review Board No. 3 "are in accordance with the evidence and applicable law." This became the final decision of the Commission.

For the reasons set forth below, the petition for review is denied and the decision of the Commission is affirmed.

I

Mistletoe is an express carrier with over forty years experience. As an express carrier, it has been providing service throughout Oklahoma and adjacent areas within Arkansas, Missouri, Kansas and Texas. Through its application, Mistletoe seeks to extend its operations to southeast Arkansas, northern Mississippi and Memphis, Tennessee.

Petitioner Film is classified as a small shipments service which conducts operations in some of the areas Mistletoe now seeks to serve. Unlike Mistletoe, Film

places restrictions on the size and weight of goods it will transport. Further, unlike Mistletoe, Film does not operate according to fixed and published schedules, but rather, operates on an "irregular" basis, depending on shipper demand. Additionally, Film offers "small points" service in competition with Mistletoe, which serves only the "major points" along regular routes.

To support its application, Mistletoe submitted over 75 certificates from various shippers located in the affected areas. These certificates expressed a strong desire and need for Mistletoe's proposed service. Essentially, the shippers characterized the existing service as "inadequate." They asserted that the areas lack a truly "express" service and that a more dependable and consistent service which operates according to fixed schedules and without size and weight restrictions is desired.

In granting Mistletoe's application, the Commission found a "public need" for the proposed service, and that although some of Film's service may be diverted, Film still could remain competitive in light of its claim that it provides a better service with respect to the handling of smaller packages and in serving smaller communities. In its petition to review, Film contends that the public will suffer if the application is granted since the competition of Mistletoe will prevent Film from serving the small towns. Film further avers that the brief decision of the Commission failed to give sufficient treatment to the issues and evidence presented in opposition to Mistletoe's application.

## II

■ A decision of the Commission should not be set aside on judicial review unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 706(2)(A) & (E); *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 284, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974), *reh'g denied,* 420 U.S. 956, 95 S.Ct. 1340, 43 L.Ed.2d 433 (1975); *Costal Tank Lines, Inc.*

*v. Interstate Commerce Commission,* 690 F.2d 537, 542–43 (6th Cir.1982). If the agency considers the relevant factors and articulates a rational connection between the facts found and the choice made, the decision is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law and will be upheld if supported by substantial evidence. *Bowman Transportation, Inc., supra,* 419 U.S. at 285, 95 S.Ct. at 441; *O–J Transport Co. v. United States,* 536 F.2d 126, 129–30 (6th Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976). Our review of the Commission's decision, therefore, is limited to determining whether it is supported by substantial evidence, and whether it can be found on the total facts to be arbitrary or capricious. *Ben Ruegsegger Trucking Service, Inc. v. Interstate Commerce Commission,* 600 F.2d 591, 593 (6th Cir.1979).

Under the Motor Carrier Act of 1980, 49 U.S.C. § 10101, et seq., a two-tier approach is utilized to determine if the Commission should grant a certificate to an applicant. First, the carrier-applicant must establish a prima facie case that it is "fit, willing, and able to provide the transportation" and that the "service proposed will serve a useful public purpose, responsive to a public demand or need." 49 U.S.C. § 10922(b)(1)(A) & (B). Once the applicant has established a prima facie case, the burden shifts to those opposing the issuance of the certificate who then must demonstrate that the "transportation to be authorized by the certificate is inconsistent with the public convenience and necessity." 49 U.S.C. § 10922(b)(1). Once the applicant has made a prima facie showing of public need or demand, it is presumed that the grant of the application is consistent with the public convenience and necessity. Opposing carriers then have the burden of developing the record to show that the grant would be contrary to public convenience and necessity. *See* H.R.Rep. No. 96–1069, 96th Cong. 2d Sess., *reprinted in* [1980] U.S.Code Cong. & Ad.News 2283, 2296–97; *Costal Tank Lines, supra,* 690 F.2d at 542; *J.H. Rose Truck Line, Inc. v. Interstate Commerce Commission,* 683 F.2d 943, 949–50 (5th Cir.1982).

## III

The first step upon review is to determine whether the applicant, Mistletoe, sufficiently established a prima facie case of public convenience and necessity.[1]

■ We find that the record contains substantial evidence to support the conclusion of the Commission that Mistletoe established a prima facie case of public convenience and necessity. As noted above, Mistletoe submitted along with its application over 75 support certificates from various shippers who expressed a concern as to the inadequacy of the existing service and a strong desire for the applicant's proposed service. The use of such support certificates is considered the "normal way" to establish a prima facie case, since it is felt that they represent the most effective evidence of public need. *See* House Report, *supra,* at 2296–97; *Costal Tank Lines, supra,* 690 F.2d at 543–44. The certificates demonstrate a substantial demand for services not being provided by the present carriers in the affected areas. The certificates further establish dissatisfaction with existing carrier service which the Commission concluded would be relieved by permitting Mistletoe to conduct the proposed operations. We, therefore, conclude that the Commission's finding of public convenience and necessity is supported by substantial evidence.

## IV

Since we agree with the Commission that Mistletoe has made out a prima facie case, the burden then shifts to Film to demonstrate that the proposed service is inconsistent with public convenience and necessity. To satisfy its burden, Film maintains that it consistently has imposed a rate charge which is less than its actual cost for hauling shipments to and from small towns off the main routes and has been able to remain competitive by charging rates higher than it otherwise would charge for hauling between the major points on its routes. In effect, shippers in small towns have not been required to pay a rate reflecting the true cost of Film's service, but, rather, have enjoyed a subsidized rate. In essence, Film is arguing that the public would be injured by granting operating authority to Mistletoe, which would divert some of Film's revenue and make it more difficult for Film to subsidize its rates to customers in smaller communities, with a consequent loss of service to these communities.

The short answer to this contention is that the Commission found, based upon substantial evidence, that Film would not lose substantial business to Mistletoe.

■ We conclude that Film's argument lacks merit and, accordingly, fails to rebut the applicant's prima facie case. Merely showing that Mistletoe will divert some of Film's revenue and traffic, which, consequently, may make it more difficult for Film to subsidize its rates in smaller communities, is insufficient to demonstrate a harm to the public's convenience and necessity warranting the disallowance of carrier's certificate. *See* 49 U.S.C. § 10922(b)(2)(B) ("[T]he Commission shall not find diversion of revenue or traffic from an existing carrier to be in and of itself inconsistent with the public convenience and necessity."). An economic disadvantage to a competitor is insufficient to deny the applicant's certification. *See J.H. Rose Truck Line, Inc., supra,* 683 F.2d at 950. Paramount concern lies with the public interest and not with the economic disadvantages to competing carriers which may surface as a result of the Commission's decision to issue an operating certificate. *See Bowman Transportation, Inc., supra,* 419 U.S. at 298, 95 S.Ct. at 448 ("Our decisions have dispelled any notion that the Commission's primary obligation is the protection of firms holding existing certificates."); *Hunt Transportation, Inc. v. Interstate Commerce Commission,* 636 F.2d 190, 193 (8th Cir.1980) ("[T]he primary consideration is the interest

1. On the petition to review there was no issue as to whether the applicant was "fit, willing, and able to provide the transportation" as required by the Act. All parties agreed that Mistletoe met this requirement.

of the public, and not the relative economic advantages or disadvantages of competing carriers.").

We conclude that the Commission did not act in an arbitrary and capricious manner in issuing a certificate to Mistletoe. Accordingly, since Mistletoe established a prima facie case, and Film was unable to rebut the presumption of public convenience and necessity, the Commission did not err in issuing the certificate. *See* 49 U.S.C. § 10922(b)(1) (Commission *shall* issue a certificate if person is fit, willing, and able to provide the transportation and the applicant's proposed service is shown to serve a useful public purpose (emphasis added.))

## V

The final issue raised by the petition to review is a procedural attack on the decision of the Commission as a whole. Petitioner, in urging remand, argues that the decision is too brief, and that the Commission failed to articulate properly its findings and reasoning. We hold that this claim, too, must fail.

Under the Administrative Procedure Act, specifically, 5 U.S.C. § 557(c), the agency, in its decision, must set forth its findings and conclusions and the reasons therefore. This statutory mandate requires the Commission to articulate a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962). Notwithstanding petitioner's criticism of the so-called "cursory decision," the courts will uphold a "decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transportation, Inc., supra,* 419 U.S. at 286, 95 S.Ct. at 442. *See Colorado Interstate Gas Co. v. Federal Power Commission,* 324 U.S. 581, 595, 65 S.Ct. 829, 836, 89 L.Ed. 1206 (1945). This court has held that it is not necessary for the agency to render a detailed decision so long as its conclusions and reasons may be discerned with confidence. *See O–J Transport Co., supra,* 536 F.2d at 130.

A remand is not required when the record evidence is found sufficient. *See Costal Tank Lines, supra,* 690 F.2d at 543. See also opinion of Judge John W. Peck in *Star Delivery & Transfer v. United States,* 659 F.2d 81, 84 (7th Cir.1981).

We conclude that the decision of the Commission in the present case satisfied the statutory obligation imposed on agency decisions. Film's criticism is concerned more with the length of the decision than with its content. The initial decision of the Commission sets forth the relevant facts and findings. The decision discusses the existing service, the proposed service offered by the applicant, the public's apparent demand and need for the proposed service, and the arguments raised by the protestants. The decision takes note of Film's claim of revenue diversion, and dismisses it based upon the facts and circumstances presented. The decision does not require the reader to speculate as to how its result was reached. Rather, the facts relied upon, as well as the overall reasoning of the Commission, are set forth adequately. The substantive issues raised in the present proceedings were adjudicated sufficiently by the Commission. Furthermore, the record reflects a decision supported by substantial evidence that the Commission did not act arbitrarily or capriciously.

We conclude that the action of the Commission is supported by the record and based upon its specialized skill and experience in the field of vehicle transportation.

Accordingly, the petition for review is denied and the decision of the Commission is affirmed. No costs are taxed. The parties will bear their own costs in this court.